UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SARAH GREIFMAN, individually and on behalf of others similarly situated,

Plaintiff,

v.

CAWLEY & BERGMANN, LLC,

Defendants.

No. 18-cv-08784 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Sarah Greifman ("Plaintiff") brings this putative class action on behalf of herself and those similarly situated, pursuant to 15 U.S.C. §1692, *et. seq*, the Fair Debt Collection Practices Act ("FDCPA"), against Cawley & Bergmann, LLC, ("Defendant" or "Cawley") for deceptive and misleading debt collection. ("Complaint," ECF No. 1.) Presently before the Court is Defendant's motions to dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12 (b)(6) ("Rule 12(b)(6)"). (ECF Nos. 12.)

For the following reasons, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

The following facts are derived from the Complaint, documents attached or referenced in the Complaint, and matters of which the Court may take judicial notice and are accepted as true for the purposes of this motion.



Plaintiff, a consumer, alleges that she was contacted by Defendant, a debt collector, by letter dated January 18, 2018 (the "debt collection letter"), for the purpose of collecting a debt owed by Plaintiff. Plaintiff asserts that Defendant's debt collection letter makes several false or misleading representations. Plaintiff alleges that the letter provides that the "plaintiff owes a debt to 'JH Portfolio Debt Equities, LLC.'" (Compl. ¶ 16.) Plaintiff's allegations suggest that such representation is false because as of the date of the debt collection letter, Plaintiff did not contract with, did not owed any money to nor owe a debt to JH Portfolio Debt Equities, LLC. (Id. at 17-20). Plaintiff further suggest that the information contained in the debt collection letter would be confusing to the least sophisticated consumer in part because it fails to "clearly name the the creditor to whom the debt is owed." Plaintiff asserts claims pursuant to FDCPA §1692e ("Section 1692e") and §1692g ("Section 1692g").

## STANDARD ON A MOTION TO DISMISS

**Rule 12(b)(6)**

Under Rule 12(b)(6), courts must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level.' " *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). At the motion to dismiss stage, courts must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but courts are "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Although courts are generally confined to the facts alleged in the complaint for the purposes of a motion to dismiss, *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), courts may also consider documents referenced in the complaint, documents the plaintiff relied on in bringing suit and which are either in the plaintiff's possession or which the plaintiff knew about when bringing suit, on matters which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d. 147, 153 (2d. Cir. 2002); *accord DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d. Cir. 2010).

**FDCPA Claim**

The FDCPA is "primarily a consumer protection statute*,*" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir.2008). It was passed to protect consumers from deceptive or harassing actions taken by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *Kropelnicki v. Siegel*, 290 F.3d

at 127 (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir.2001)). The Act requires that debt collectors include certain disclosures in an initial communication with a debtor, or within five days of such communication. See 15 U.S.C. § 1692e(11); 1692g(a)(1)–(5). The FDCPA authorizes an aggrieved debtor to file suit for a debt collector's failure to comply with the Act. See 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person ....") Thus, the FDCPA creates the right of a consumer to receive the required disclosures in communications governed by the FDCPA and the failure receive such disclosures is a compensatory injury.

To state a claim under the FDCPA, a plaintiff must demonstrate that: (1) the plaintiff is a person who was the object of efforts to collect a consumer debt; (2) the defendant is a debt collector as defined in the statute; and (3) the defendant has engaged in an act or omission in violation of the FDCPA. *Cohen v. Ditech Fin. LLC*, 15-CV-6828, 2017 WL 1134723, at *5 (E.D.N.Y. Mar. 24, 2017) (citing *Scaturro v. Northland Grp.*, No. 16-CV-1314, 2017 WL 415900 at *2 (E.D.N.Y. Jan. 9, 2017)).

## DISCUSSION

Plaintiff alleges that Defendant violated Section 1692e of the statute. The crux of Plaintiff's claims is that she is not and has never been indebted to JH Portfolio Debt Equities, LLC, who is identified in the debt collection letter as the "creditor." Section 1692e, entitled False or Misleading representations," prohibits a debt collector from the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt. 115 U.S.C. § 1692e(1). Any false representation of concerning the character, amount, or legal status of any debt is statutorily misleading. 115 U.S.C. § 1692e(2)(A).

When determining whether the collection letters at issue complies with the FDCPA, courts must consider the letters "from the perspective of the 'least sophisticated consumer.' " *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d at 90 (2d Cir.2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)) The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. *Clomon*, 988 F.2d at 1318. Section 1692e specifies certain categories of conduct that are prohibited, including making false representations about the amount or legal status of any debt, threatening to take any action that cannot legally be taken or that the debt collector does not intend to take, and using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 115 U.S.C. § 1692e; *Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539, 2016 WL 1274541, at *3 (E.D.N.Y. Mar. 31, 2016). A collection letter may also violate the FDCPA when its language is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto*, Inc., 692 F.3d 229, 232 (2d Cir. 2012) (quoting *Clomon*, 988 F.2d at 1319).

A debt collection letter is considered overshadowing or contradictory "if it would make the least sophisticated consumer uncertain as to her rights*." Russell v. Equifax A.R.S.*,74 F.3d 30, 35 (2d Cir.1996). "[N]ot every technically false representation by a debt collector amounts to a violation of the FDCPA." *Cohen v. Rosicki, Rosicki & Assocs., P.C.,* 897 F.3d 75, 85 (2d Cir. 2018) (quoting *Gabriele v. Am. Home Mortg. Serv., Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (summary order)). For the alleged false representation to violate the FDCPA, the statement must be material such that it would frustrate a consumer's ability to intelligently choose his or her response. *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d at 87.

Applying the least sophisticated consumer standard, the Court determines that the debt collection letter received by Plaintiff is neither false nor misleading. Though Plaintiff is correct that the letter indicates that the Defendant is attempting to collect a debt and identifies JH Portfolio Debt Equities, LLC as the debtor, the document clearly and unambiguously also identifies the original debtor as "Citibank N.A./Citi Simplicity Card." Nowhere in the debt collection letter does it state or can it be interpreted to suggest that Plaintiff contracted with, borrowed monies from or incurred an original debt from JH Portfolio Debt Equities, LLC.

Plaintiff also asserts a claim under Section 1692g. Section 1692g requires a debt collector to provide debtors with written notice of their validation rights. 15 U.S.C. § 1692g. A debt collection notice that overshadows or contradicts the validation notice violates Section 1692g. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir.1998); *Clomon*, 988 F.2d at 1319. A debt collector may not use or rely on "false representation[s] or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer." 15 U.S.C. § 1692e(10). When determining whether a debt collection letter violates Section 1692g, the applies an objective standard based on the "least sophisticated consumer." *Clomon*, 988 F.2d at 1318; see also *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir.1996); *Sarno v. Midland Credit Mgmt., Inc.*, 435 F. App'x 44, 45 (2d Cir. 2011).

Plaintiff's recipient of the debt collection letter as alleged here, invoked the right to have the debt verified provided she mailed a notice of dispute within 30 days of receiving a communication from the Defendant. FDCPA, § 809(a), 15 U.S.C.A. § 1692g(a). Plaintiff, however, does not allege in the her Complaint that she timely mailed a notice to Defendant disputing the debt or requesting verification of the debt. As previously mentioned, the debt collection letter clearly identifies the

current creditor, JH Portfolio Debt Equities, LLC, the original creditor, Citibank N.A./Citi Simplicity Card, the amount of the debt, and that Defendant has been contracted to collect a debt owed by [Plaintiff] to JH Portfolio Debt Equities, LLC. Viewing the letter from the least sophisticated consumer, the document is neither false, confusing nor misleading. Though Plaintiff's Complaint suggest that the debt collection letter is susceptible to "two or more meanings" and or to an inaccurate reading, such allegations are made in conclusory fashion and not supported by the facts. Accordingly, Plaintiff's Section 1692g claim(s) must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Cawley and Bergmann, LLC's motion to dismiss Plaintiff's Complaint is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 12, and to terminate the action. This constitutes the Court's Opinion and Order.

Dated: April 9, 2019
      White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge